# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br> vs.<br><br>JEREMY NANCE,<br><br>    Defendant. | 8:08CR449<br><br>MEMORANDUM AND ORDER |

   This matter is before the Court on the Defendant's Amended Motion to Reduce Sentence Under Section 404 of the First Step Act, ECF No. 116. The Defendant submitted a brief in support of his Motion, ECF No. 117, and the Government has not responded. In the pending Motion, the Defendant does not seek any specific sentence reduction, but asks to be present at a plenary re-sentencing hearing.

## BACKGROUND

   Following a jury trial, Defendant Jeremy Nance was found guilty of Conspiracy to Distribute five grams or more of crack cocaine (Count I), Possession with Intent to Deliver Crack Cocaine (Count II), and Possession with Intent to Deliver Crack Cocaine (Count III). At his sentencing hearing, on September 4, 2009, he was found responsible for at least 24.26 grams of cocaine base. Due to his prior conviction for a felony drug offense, and the government's notice under 21 U.S.C. § 851, his statutory mandatory minimum term was 120 months. Accordingly, he was sentenced to a term of 120 months incarceration on Counts I, II, and III, to be served concurrently, and to be followed by eight years of supervised release on Count I and six years of supervised release on Counts II

and III, also to be served concurrently. He appealed, and his conviction and sentence were affirmed on appeal.

The Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010), effective August 3, 2010, reduced the penalties for certain crack cocaine offenses. The First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), at § 404, permits but does not require sentencing judges to apply the Fair Sentencing Act to sentences imposed prior to August 3, 2010.

Although Nance has served his term of incarceration on Counts I, II, and III, he remains incarcerated with the Bureau of Prisons due to another sentence which runs consecutive to his sentence in this case. If Nance receives a reduction of his sentence in this case under the First Step Act, his release date will be accelerated. See Second Amended 2019 First Step Act Retroactive Sentencing Worksheet, ECF No. 114.

## DISCUSSION

The Court agrees with Nance on the following points: He is eligible for a reduction in his term of incarceration under the First Step Act. The Court is no longer required to impose a statutory mandatory minimum term of incarceration, and Nance's new range of imprisonment under the U.S. Sentencing Guidelines is 63 to 78 months. The Court is not limited by the new Guideline range when determining whether to reduce Nance's sentence, or the extent of any such reduction, but may consider all factors listed in 18 U.S.C. § 3553(a). Any modification of Nance's term of incarceration will be pursuant to 18 U.S.C. § 3582(c)(1)(B) which authorizes a court to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute[.]"

The Court does not agree with Nance's position that the First Step Act mandates a plenary resentencing hearing. First, the Act states that a court "may . . .impose a reduced sentence" for an eligible defendant. It also states: "Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section." Second, Fed. R. Crim. P. 43(b) states: "A defendant need not be present under any of the following circumstances: . . . (4) The proceeding involves the correction or reduction of a sentence under Rule 35 of 18 U.S.C. § 3582(c)." Section 3582(c) states: "The court may not modify a term of imprisonment once it has been imposed except that— (1) . . . (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute[.]"

Nance asserts that his resentencing is governed by § 3582(c)(1)(B), and this Court agrees. Yet, despite the clear language of Rule 43(b), he contends he is entitled to a plenary resentencing hearing, and to be present at such a hearing, because the First Step Act uses the verb "impose" rather than "modify" or "reduce." This Court draws no distinction between the discretion to "impose a reduced sentence" and the discretion to "reduce" a sentence. A court's discretion to "modify" a sentence could include the discretion to *increase* penalties, but that is not contemplated or authorized by the First Step Act. Accordingly, this Court finds nothing in the language of the First Step Act— including its use of the verb "impose"—that mandates a plenary resentencing hearing.

In the Defendant's brief, counsel refers to the Defendant's earning of a GED and completion of a drug education program as factors that should "compel a significant reduction" in his sentence. ECF No. 117, Page ID 891. Defendant's counsel argues that the Defendant's misconduct while in prison should *not* be considered, because he

suffered consequences for that misconduct through loss of good time and a new sentence for assault. *Id.* The Retroactive Sentencing Worksheet, ECF No. 114, provides the Court with an overview of the Defendant's post-conviction conduct—both positive and negative—and the Court agrees that such information can be considered when the Court exercises its discretion under Section 404 of the First Step Act.

The Defendant has not argued for any specific sentence reduction, nor did he present any index of evidence, perhaps because he anticipated a plenary re-sentencing hearing would be scheduled. Although the Court will not schedule a plenary re-sentencing hearing, it will give the Defendant the opportunity to submit a sentencing memorandum and an index of evidence. Government's counsel will be given an opportunity to respond and submit an index of evidence, and the Defendant will have an opportunity to reply.

IT IS ORDERED:

1. The Defendant Jeremy Nance may submit a sentencing memorandum and any index of evidence in support of his Amended Motion to Reduce Sentence on or before May 17, 2019;
2. The Government may respond to the Defendant's sentencing memorandum and any evidence on or before May 31, 2019; and
3. The Defendant may reply to the Government's response on or before June 14, 2019.

Dated this 30th day of April 2019.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge