# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>    vs.<br><br>JEREMY NANCE,<br><br>                    Defendant. | 8:08CR449<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Defendant's Amended Motion to Reduce Sentence Under Section 404 of the First Step Act, ECF No. 116. The Defendant submitted a brief in support of his Motion, ECF No. 117, and sought a plenary resentencing hearing. The Court denied the Defendant's request for a plenary resentencing hearing[1]; gave the Defendant an opportunity to submit a sentencing memorandum and evidence; and set a deadline for the Government's response. The Defendant submitted a sentencing memorandum, ECF No. 121, seeking a sentence at the low end of the newly calculated guideline range, and submitted evidence of the Defendant's participation in educational, vocational, and other rehabilitative programs during his incarceration. ECF No. 123. The Government submitted a brief in opposition to the Defendant's request for a retroactive sentence reduction under the First Step Act. ECF. No. 125.

---

[1] Fed. R. Crim. P. 43(b) states: "A defendant need not be present under any of the following circumstances: . . . (4) The proceeding involves the correction or reduction of a sentence under Rule 35 or 18 U.S.C. § 3582(c)." Section 3582(c) states: "The court may not modify a term of imprisonment once it has been imposed except that— (1) . . . (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute[.]" Section 404(b) of the First Step Act states a court "may . . .impose a reduced sentence" for an eligible defendant. This Court concluded that these proceedings are governed by § 3582(c)(1)(B), and no plenary re-sentencing is warranted.

## BACKGROUND

Following a jury trial, Defendant Jeremy Nance was found guilty of Conspiracy to Distribute five grams or more of crack cocaine (Count I), Possession with Intent to Deliver Crack Cocaine (Count II), and Possession with Intent to Deliver Crack Cocaine (Count III). At his sentencing hearing, on September 4, 2009, he was found responsible for at least 24.26 grams of cocaine base. Due to his prior conviction for a felony drug offense, and the government's notice under 21 U.S.C. § 851, his statutory mandatory minimum term was 120 months. Accordingly, he was sentenced to a term of 120 months incarceration on Counts I, II, and III, consolidated and to be served concurrently, followed by eight years of supervised release on Count I and six years of supervised release on Counts II and III, also to be served concurrently. He appealed, and his conviction and sentence were affirmed on appeal.

The Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010), effective August 3, 2010, reduced the penalties for certain crack cocaine offenses. The First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), at § 404, permits but does not require sentencing judges to apply the Fair Sentencing Act to sentences imposed prior to August 3, 2010. Pursuant to these Acts, the statutory mandatory minimum term of incarceration that applied to Count I of Nance's Indictment in 2009 is no longer applicable, and his new range of imprisonment under the U.S. Sentencing Guidelines is 63 to 78 months.

Although Nance has served his term of incarceration in this case, he remains incarcerated with the Bureau of Prisons (BOP) due to another consecutive federal sentence resulting from a crime committed during his incarceration. If Nance receives a

retroactive reduction of his sentence in this case under the First Step Act, his release date will be accelerated, because the BOP considers such consecutive sentences to be aggregated. See Second Amended 2019 First Step Act Retroactive Sentencing Worksheet, ECF No. 114.

## DISCUSSION

Defense counsel refers the Court to Nance's completion of his GED and participation in several educational, vocational, and rehabilitative programs during his incarceration. ECF No. 123-1. Defense counsel argues that Nance's prison misconduct should *not* be considered, because he suffered commensurate consequences through loss of good time and a new sentence. *Id*. Defense counsel requests a retroactive sentence at the low end of the new guideline range—63 months.

The Government argues Nance is not eligible for a reduction of sentence under the First Step Act, because this sentence has been served. In the alternative, the Government argues that this Court should decline to exercise any discretion to reduce Nance's sentence under the First Step Act because Nance's conduct in prison demonstrates he is a danger to society.

In support of the theory that Nance is ineligible for a reduced sentence under the First Step Act, the Government cites to *United States v. Martin*, 03-cr-795 (BMC), 2019 WL 2289850 (E.D.N.Y. May 29, 2019). In *Martin*, the judge issued an order reducing the defendant's sentence under Section 404 of the First Step Act to "time served," and later learned the defendant completed his sentence and was serving a consecutive federal sentence for crimes committed while incarcerated. *Id*. at *1-2. The judge vacated his order, concluding the matter was moot. *Id*. at 2. The judge acknowledged that "a criminal

3

case does not necessarily become moot when the convict finishes serving the sentence when there exists some concrete and continuing injury." *Id.* (quoting *United States v. Aldeen*, 792 F.3d 247, 251 (2d Cir. 2015)). The judge also acknowledged that nothing in the First Step Act prevents a judge from reducing a sentence to a term less than time served, and that other district court judges in the Second Circuit have concluded the First Step Act "does permit a sentencing court to retroactively reduce an already-served sentence where the defendant remains in federal custody on a sentence for an unrelated offense." *Id.* at 5. The judge in *Martin* explained why he thought such an approach was unwise as a matter of policy; and noted that if he had discretion to reduce the defendant's already-served sentence retroactively he would not do so. Finally, the judge acknowledged that other district judges considered 18 U.S.C. § 3553(a) factors when deciding to grant relief under the First Step Act, but he concluded such factors, including a defendant's subsequent behavior, should *not* be considered.

First, this Court does not consider Nance's Motion under the First Step Act to be moot. In the context of habeas proceedings, the Supreme Court has recognized that evidence of "some concrete and continuing injury" suffered by a convict whose sentence has expired will demonstrate a collateral consequence of the conviction and prevent the habeas proceeding from being moot. *Spencer v. Kemna*, 523 U.S. 1, 7-8 (1993). That reasoning is equally applicable here. Nance has demonstrated that he suffers a "collateral consequence" of the term of incarceration imposed by this Court, *i.e.*, his continued incarceration on a consecutive sentence. No one disputes that a retroactive reduction of Nance's term of incarceration in this case will offer Nance an earlier release date, due to BOP's policy of "aggregating" consecutive federal sentences.

4

Second, it has been the practice in this district to consider a defendant's post-incarceration conduct when exercising discretion to reduce a defendant's term of incarceration due to retroactive changes in statutes or sentencing guidelines. Nothing in the First Step Act prohibits such a practice, and it is consistent with the holdings and dicta in *Pepper v. United States*, 131 S. Ct. 1229, 1236 (2011) ("district court at resentencing may consider evidence of the defendant's postsentencing rehabilitation").

When Nance committed the crime that led to his conviction in this case he was 23 years old. His criminal history, which placed him in Criminal History Category III, was serious and lengthy, but he did not have convictions for crimes of violence. During his term of incarceration, he has forfeited over 300 days of good time for offenses which include at least one act of violence (assaulting a cell-mate) and he was sentenced to a consecutive term of 108 months for assaulting a correctional officer. ECF No. 114.

The Court shares the Government's concern for the danger Nance may pose to public safety. Yet the Court is also mindful of the congressional intent underlying the Fair Sentencing Act and Section 404 of the First Step Act. Considering all the information in the record, and the parties' respective arguments, the Court concludes that Nance's sentence on Counts I, II, and III of the Indictment, consolidated, should be reduced to a term of 78 months. All the other terms and conditions of his original Judgment, ECF No. 83, including terms of supervised release, will remain unchanged. Accordingly,

IT IS ORDERED:

1. The Defendant Jeremy Nance's Amended Motion to Reduce Sentence under Section 404 of the First Step Act, ECF No. 116, is granted in part as follows:

5

The Defendant's term of incarceration on Counts I, II, and III of the Indictment, consolidated, is reduced to 78 months, and all other terms and conditions of the original Judgment remain.

2. The Motion is otherwise denied.

Dated this 10th day of June 2019.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge